UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TIRRELL AUDRELIUS  )
MIDDLETON,  )
  )
    Plaintiff,  )
  )
v.  )   No. 1:25-cv-00082-JMB
  )
GAVEN PENROD, et al.,  )
  )
    Defendants.  )

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Tirrell Audrelius Middleton brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. On initial review under 28 U.S.C. § 1915A, the Court will issue service on Plaintiff's claims against Defendants Gavin Penrod, Chad Dunbar, and Candence E. Campbell in their individual capacities. The Court will dismiss Plaintiff's claims brought against these Defendants in their official capacities.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b). Here, plaintiff is a convicted state prisoner who is suing employees of a governmental entity. Therefore, his amended complaint is subject to 28 U.S.C. § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915A, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Amended Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983, alleging Defendants violated his Eighth Amendment rights when they left him handcuffed behind his back and shackled to a restraint bench for 14 hours at Southeast Correctional Center (SECC). Named as Defendants are Correctional Officers (COs) Gavin Penrod, Chad Dunbar, and Candence E. Campbell. Defendants are sued in both their official and individual capacities.

Plaintiff states that on November 28, 2024, at 6:00 a.m., Defendant Gavin Penrod told him to pack his property because he was transferring cells at SECC. Defendant Chad Dunbar then cuffed Plaintiff behind his back and escorted him to a metal restraint bench. Plaintiff states that the COs were attempting to have him share a cell with his enemy, which he characterizes as being forced out of his cell. "The cell in SECC 2.C.204 that I was assigned to I was being forced out of because Correctional Officers were trying to move a[n] individual in with me that hours earlier I had notified staff was my enemy." Doc. [7] at 6.

Once the 7:00 a.m. shift arrived at SECC, Plaintiff asked for a restroom break, which was denied. He states that he was forced to urinate on himself three times during this 14-hour restraint period. At both lunch and dinner, Plaintiff asked to be fed. He states that CO Candence Campbell told him that he needed to be inside a cell to be fed. Plaintiff asked for a sack lunch, and this too was denied.

For his injuries, he states that his lower back and left shoulder are "causing [him] problems." *Id.* He also suffers from emotional and mental distress arising out of the event. For relief, Plaintiff seeks $1 million in actual damages and $500,000 in punitive damages.

**Discussion**

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).

In *Stewart v. Precythe*, 91 F.4th 944, 950-51 (8th Cir. 2024), the Eighth Circuit reviewed the use of prisoner restraints in the context of the Eighth Amendment, "providing parameters for when a specific restraint amounts to a constitutional violation." *Id.* at 950. There, the Court held that handcuffing and shackling a prisoner to a bench for a period of hours (in that case, two hours on two occasions), without more, did not violate the Eighth Amendment. The *Stewart* case discussed prior Eight Circuit case law in the area of prisoner restraints. For example, in *Key v. McKinney*, 176 F.3d 1083, 1085 (8th Cir. 1999), the Court upheld summary judgment in favor of correctional staff on a conditions-of-confinement claim where the plaintiff alleged

he had been handcuffed and leg shackled (not to a restraint bench) for 24 hours with routine checks by medical and correctional officers.

The Eighth Circuit also cited its decision in *Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008), in which an inmate was restrained to a bench for refusing a cellmate. In *Walker*, like here, plaintiff had not wanted to be celled with his proposed cellmate. *Id.* He was then cuffed and restrained on a bench for 24 hours without water, food, medication, or bathroom breaks. He was forced to sit in an upright position, that exacerbated his chronic back pain and PTSD. *Id.* The Eighth Circuit considered the following factors in evaluating whether the force was reasonable: the need for applying force; the relationship between that need and the amount of force used; the threat the officers reasonably perceived; any efforts used to lessen the severity of a forceful response; and the extent of any injuries. *Id.*

In applying these considerations, the Court reversed the district court's summary judgment ruling in favor of the prison staff. The Eight Circuit questioned why force was needed to have Walker agree to his new cellmate. Assuming force was needed, the Court found that Walker had submitted to cuffing, which removed the need for force. The Court found the conditions imposed upon Waker, specifically the lack of food, water, medication, and bathroom breaks, created a triable issue as to whether the force was excessive and disproportionate to the need.

Here, although Plaintiff endured the restraint bench for 14 hours, as opposed to Walker's 24 hours, his situation is nearly identical to that which the Court found

sufficient to overcome summary judgment in *Walker*. Plaintiff refused a cellmate who he had declared an enemy. He was cuffed and restrained with no food, water, or bathroom breaks, seemingly in an effort to force him to accept his cellmate. It is unclear why any amount of force was needed, and the force seemed disproportionate to any purported need. No efforts were made by staff to diminish the severity of the force, and plaintiff suffered back and shoulder injury. Liberally construed, the Court finds that Plaintiff has stated a plausible claim of excessive use of force against Defendants Gavin Penrod, Chad Dunbar, and Candence Campbell in their individual capacities.

Plaintiff's claims brought against Defendants in their official capacities, however, are subject to dismissal. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff's official capacity claims against the MODOC employees are actually claims against the State of Missouri, of which MODOC is a department. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*,

866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). For these reasons, Plaintiff's official capacity claims will be dismissed for failure to state a claim upon which relief may be granted.

## Motion to Appoint Counsel

Finally, Plaintiff has filed a motion to appoint counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process on Plaintiff's amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Defendants Gaven Penrod, Chad Dunbar, and Candence E. Campbell in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants brought in their official capacities are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED** without prejudice. Doc. [4]

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed in district court without prepayment of fees and costs is **DENIED** as moot, as Plaintiff has already paid the filing fee. Doc. [10]

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 3rd day of September, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE