UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIRRELL AUDRELIUS MIDDLETON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  1:25-cv-00082-JMB |
| GAVEN PENROD, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that Defendant Chad Dunbar has not been served with process.

Plaintiff filed this action May 9, 2025, naming Dunbar among the Defendants. On September 3, 2025, the Court directed the Clerk to serve process on Defendant Dunbar pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office.  The Missouri Attorney General's Office declined to waive service as to Dunbar, because he was no longer an employee.  Counsel subsequently provided the Court with Dunbar's last known address, and the Court directed the Clerk to effectuate service of process there.  On October 17, 2025, service was returned unexecuted for Dunbar.  The return of service indicates that he was not located and service could not be made at his last known address.

After attempting service twice without success, on October 23, 2025, the Court issued an order informing Plaintiff that more than 90 days had elapsed since he had filed his Complaint and Dunbar had not been served.  The Court directed Plaintiff to provide any additional information

that might allow Dunbar to be served, or advise the Court of good cause for his inability to do so. *See* Doc. 23; Fed. R. Civ. P. 4(m).

On November 3, 2025, Plaintiff responded to the Court's order, stating that "the good cause [he] [asks] the Court to consider" is his belief that the Warden of SECC is keeping copies of Plaintiff's legal mail. *See* Doc. 23. Plaintiff suspects that the Warden is reading his legal mail and might be warning Defendant Dunbar to avoid service. *Id*. Regardless of this information, the Court has been unable to locate and serve Defendant Dunbar at his last known address, which requires dismissal of this Defendant. If Plaintiff seeks to bring an action against the Warden for allegedly violating Plaintiff's rights under the First Amendment, as he suggests, Plaintiff shall file a new prisoner civil rights complaint under 28 U.S.C. § 1983.

This action will be dismissed without prejudice as to Defendant Dunbar, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. A plaintiff bears the burden of providing proper service information. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). The information provided to the Court shows that the U.S. Marshals made reasonable efforts to serve Dunbar twice. Rule 4(m) requires this Court to dismiss an action without prejudice if the Complaint is not served within 90 days of its filing. Fed. R. Civ. P. 4(m). More than 90 days have passed since Plaintiff filed the complaint and, notwithstanding reasonable efforts to locate Dunbar, he cannot be found and summonses have been returned unexecuted. Based on the circumstances of this case, further extension would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice as to Defendant Chad Dunbar.

-3-

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 20th day of November, 2025.

                                                     _____
                                                     HENRY EDWARD AUTREY
                                                     UNITED STATES DISTRICT JUDGE