UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TIRRELL AUDRELIUS MIDDLETON,    )
    )
    Plaintiff,    )
    )
    vs.    )    Case No. 1:25 CV 82 JMB
    )
GAVEN PENROD and    )
CANDACE E. CAMPBELL,    )
    )
    Defendants.    )

## MEMORANDUM and ORDER

Now pending before the Court are Plaintiff's Motion to Compel Discovery (Doc. 47) and Motion for Summary Judgment (Doc. 48).  For the reasons set forth below, the Motion to Compel is **DENIED** and the Motion for Summary Judgment is **DENIED without prejudice**.

### Motion to Compel

Plaintiff seeks an Order compelling Defendants to produce for inspection a video of the events of November 29, 2024 and Defendant Campbell's disciplinary file.  The request for the video was made on, at least, April 9, 2026 (Doc. 47, p. 3).  Defendants represent that no such video footage exists.  Plaintiff has presented no evidence or argument that Defendants are mistaken.  Accordingly, the Court will not compel any further response to this request.

As to Defendant Campbell's disciplinary file, Plaintiff does not indicate when he served a request to produce that included this request.  Nor has he indicated how this evidence is relevant to a claim.  As such, his request to compel a response is denied.  In any event, Defendants state that this request was made for the first time in a third request for production of documents served

on July 9, 2026 (Doc. 50, p. 4).  A response is not due until August 8, 2026.  As such, Plaintiff's request to compel is premature and must be denied for this additional reason.[1]

**Motion for Summary Judgment**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Under Rule 56, a party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To meet this burden, Plaintiff must point to parts of the record that support material facts that would show an entitlement to relief.  Fed. R. Civ. P. 56(c).  Local Rule 4.01(E) requires such material facts to be outlined in a Statement of Uncontroverted Facts.

Plaintiff's Motion for Summary Judgment does not comply with Rule 56 or Local Rule 4.01(E).  Plaintiff's motion does not identify any material facts, does not cite to the record in support of any such facts, does not contain a memorandum in support, and does not set forth a statement of uncontroverted facts.  Plaintiff may refile his motion by the August 21, 2026 deadline provided that he complies with Rule 56 and Local Rule 4.01.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of July, 2026

---

[1] The Court is mindful that because the discovery deadline in this case is July 25, 2026 (Doc. 46) and Plaintiff may not seek to compel after that deadline (Doc. 31, p. 2), Plaintiff will not be able to compel any additional response to his July 9, 2026 requests.